OPINION
DESMOND, Justice:
This case presents the question of tribal court jurisdiction, in an action for dissolution of marriage, to order a party to seek from the Bureau of Indian Affairs, (“BIA”), a change in the status of trust property, in accordance with the parties’ property settlement agreement.
This is the second appeal in this matter. In the first, we reversed the Tribal trial court’s entry of a default judgment and remanded the matter for further proceedings. Cause No. AP-DA-161-87, January 20, 2000. This is an appeal of the Tribal trial court’s Order of September 20, 2000, following remand, denying Appellant’s Motion to dismiss for lack of jurisdiction. We affirm the Tribal trial court in accordance with the following.
The case has a lengthy procedural history outlined in our opinion on the first appeal that we will not repeat here. In brief, in 1988, the Tribal trial court dissolved the marriage of Appellant Sandra Murray (“Sandra”) and Appellee Michael Murray (“Michael”), Sandra is a tribal member; Michael is not. In their property settlement agreement, (Ct. Doc. No 9, August 25, 1988), later incorporated in the dissolution decree, the parties agreed to sell the marital trust property and divide the proceeds after all liens were satisfied.
Paragraph IV (1) of the property settlement agreement states in part: “The real property shall be sold without undue delay and both parties shall do whatever is necessary to effectuate the sale of said real property.” The property has not yet been sold, primarily because Sandra has not cooperated in the sale. Michael has attempted to obtain Sandra’s cooperation through a series of court proceedings in both state and tribal court but has been unable to bring about her cooperation.
While Sandra has, at times, participated in efforts to resolve the question of disposition of the marital property, e.g. she took part in an effort to convey the land several years ago, she has not submitted to the BIA, the documents necessary to begin the process of disposing of the property. 25 CFR 121.23. For this reason the Tribal trial court held her in contempt of court in August 1991.
Sandra asserts that the Tribal trial court erred as follows:
(1) the Tribal Court lacks jurisdiction because the United States is a necessary party to an action affecting title to trust property.
(2) Sandra entered into the settlement agreement under duress,
(3) the Tribal trial court’s decision is in effect a lien upon trust property contrary to federal law,
*27 (4) the Tribal trial court’s order inequitably distributes the parties’ property.
Turning first to Sandra’s jurisdictional arguments, we find that the Tribal trial court does have jurisdiction to enter the Order from which Sandra has appealed. No doubt exists that the Confederated Salish and Kootenai Tribes possess and exercise broad authority over domestic relations of their members. Federal law has long recognized and supported broad tribal jurisdiction in the area of domestic relations. (“If an Indian tribe has power to regulate the marriage relationships of its members, it necessarily has power to adjudicate, through tribunals established by itself, controversies involving such relationships.” Powers of Indian Tribes, 55 Interior Dec. 14, 56 (1934).) See also, Fisher v. District Court, 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976); Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989); Sanders v. Robinson, 864 F.2d 630 (9th Cir.1988).
Yet Sandra is correct that federal law limits tribal authority to determine beneficial ownership of trust property.
Indian lands are governed solely by federal law and where legal title to such land is held in trust by the United States, any attempted conveyance or alienation must conform to the requirements of federal law. Alienation of restricted Indian lands can only be effectuated pursuant to congressional authorization and according to the rules and regulations prescribed by the Secretary of the Interior.
Pitts v. Earling, (Cause No, APCV-073-93, December 5, 1994, Citation omitted). See also, §§ 25 U.S.C.464, 483. The BIA has established a process to be followed in order for an owner of trust property to convey trust land, including a conveyance in which the land will be taken out of trust. Here, the Tribal trial court recognized that it does not have jurisdiction over the BIA or its process. But the federal limits on tribal authority over trust property do not preclude the Tribal Court’s actions in this case. Further, Sandra does not, nor could she, challenge the Tribal Court’s jurisdiction over her.
Over twenty years ago, the United States Court of Appeals for the Eighth Circuit faced the question presented here in the case of Conroy v. Conroy, 575 F.2d 175 (1978). Conroy involved the validity of a Tribal marital dissolution decree in which the presiding tribal judge directed one of the parties to apply to the BIA to transfer title to the parties’ trust property to the other party. In the face of challenges legally similar to those presented by Sandra, the Eighth Circuit found the Tribal Court’s action to be within its jurisdiction as a matter of federal law. Id. at 183.
The Conroy case has continuing validity, as shown by a recent decision of the Office of Hearings and Appeals of the Department of Interior that cited Conroy. The Administrative Law Judge held in a probate proceeding that the Crow Tribal Court lacked jurisdiction “to determine the ownership of trust land located on the Crow Reservation between members of the Crow Tribe”. Matter of the Estate of Jesse Hill, Probate No. IP BI 089A 83 (August 24, 2001.) However, the ALJ stated that, “although a Tribal Court cannot change title of trust land, nothing prevents a Tribal Court from ordering an individual to convey a quantity of real property as a means of effectuating property rights. Conroy v. Frizzell, 429 F.Supp. 918 (1977),” (This is the decision that was affirmed in Conroy v. Conroy, 575 F.2d 175.)
*28 Sandra asserts that this case should be resolved in her favor under the decision of the Interior Board of Indian Appeals in Sherry Camel v. Assistant Portland, Area Director, Bureau of Indian Affairs., IBIA 91-116-A. We disagree. The facts of the Camel matter are somewhat similar to those in this case but the issue before the IBIA differed from that presented here. In the Camels’ divorce decree, the Tribal trial court ordered the husband to convey his interest in the parties’ jointly-owned trust property by applying to the BIA for the conveyance. Mr. Camel did not go through the BIA process to accomplish this. Mrs. Camel then asked the BIA to carry out the conveyance without Mr. Camel’s cooperation. The BIA Area Director concluded that the BIA was not able to enforce the terms of the tribal court decree absent Mr. Camel’s request to do so. This decision was affirmed by the IBIA. The IBIA’s decision is distinguishable from the case at hand. Camel says nothing about the Tribal trial court’s authority to order Sandra to take the steps necessary to seek BIA implementation of the dissolution decree. In fact, the IBIA decision cites the Conroy decision with approval.
Sandra also argues that the Tribal trial court decision should be reversed under our decision in Pitts v. Earling. Cause No, APCV-073-93, December 5, 1994. Pitts involved a disagreement between two tribal members over the terms of an agreement to sell a parcel of property that included both trust and fee land. The buyer sued in Tribal Court for specific performance of his understanding of the agreement. The Tribal trial court ruled in favor of the buyer and ordered the seller to execute the documents needed to satisfy the trust land conveyance requirement of the BIA. On appeal, we held the agreement was unenforceable in Tribal Court. However, our decision was not based on whether or not the Tribal trial court had jurisdiction to order the seller to complete the BIA documents. We did not need to reach that question. Rather, we based our decision on the well-settled rule that a contract for sale of trust property is unenforceable absent prior approval of the contract by the Secretary of Interior. No such approval had been obtained in the Pitts matter, so the contract was not enforceable in any court. Nor was the United States a necessary party to the proceeding in the Tribal trial court. Conroy, 575 F.2d at 177.
Sandra also makes several references to her view that she was coerced into signing the property settlement agreement in 1988. We find nothing in the record to support this. Sandra had a lawyer when she signed the settlement agreement. For many years very able counsel has represented her. Sandra, herself, has attempted to enforce the decree in her favor. On October 6, 1989, Sandra moved in Tribal Court to enforce an aspect of the agreement not at issue here. The time to challenge the validity of the agreement is long past. Sandra has had more opportunities to be heard than most parties to lawsuits have. Sandra must now respect and comply with the decision of the Tribal trial court.
Therefore, the Tribal trial court decision of September 20, 2000, should be upheld as a valid exercise of the court’s jurisdiction. The Order is written broadly. We read the Order to conform with applicable law and as permitting the Tribal trial court to exercise its jurisdiction only insofar as necessary to enforce its decrees, i.e., ordering Sandra to convey the property.
As the Tribal trial court correctly recognized, we cannot exercise jurisdiction over the BIA. But we fail to understand why— in view of long-recognized tribal authority *29 over tribal domestic relations — the BIA would not act in a manner that would support the tribal court’s valid exercise of authority. As the Conroy court stated, “In sum, we find nothing in the Allotment Act warranting the conclusion that the defendant’s interest in trust land here involved was beyond the jurisdiction of the Tribal Court to divide as decreed.”
Justices DUPUIS and EAKIN concur in this decision.